IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-452-BO

| | |
|---|---|
| RITA RENE THOMAS FRANKLIN and GUY EDWARD FRANKLIN,<br>Plaintiffs,<br><br>v.<br><br>POORE SUBSTITUTE TRUSTEE, LTD, NATIONWIDE TRUSTEE SERVICES, INC., MATRESSA MORRIS, and DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS16,<br>Defendants. | ORDER |

This cause comes before the Court on defendant Deutsche Bank Trust's motion to dismiss [DE 22], defendant Poor Substitute Trustee's motion to dismiss [DE 26], and defendant Matressa Morris's motion to dismiss [DE 32], as well as plaintiff's motions for a temporary restraining order and preliminary injunction [DE 29] and for default [DE 36]. The matters are ripe for ruling. The case is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

On June 23, 2016, a foreclosure action regarding property owned by plaintiffs was filed in Wake County Superior Court. The Clerk of Court held a hearing on September 30, 2016, and entered an order permitting the foreclosure to proceed. On October 3, 2016, the plaintiffs filed a Notice of Appeal in Wake County Superior Court. A hearing was held on the issue over July 31

and August 1, 2017. The Court issued an order permitting the foreclosure to proceed. On August 24, 2017, plaintiffs filed an application for a temporary stay and writ of supersedeas. The stay application was denied on August 29, and the writ was denied on October 6. On September 7, 2017, plaintiffs, proceeding *pro se*, filed the instant suit in federal court, alleging a series of state law and constitutional claims based in the foreclosure proceeding. Three of the named defendants have moved to dismiss the claims.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a matter must be dismissed if the court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The issue of subject matter jurisdiction is a threshold one—without it, the case cannot proceed. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 96 (1998). The court may raise it regardless of whether the defendants do. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

The federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A United States District court has no authority to review final judgments of a state court in judicial proceedings." *Brown & Root, Inc., v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000), quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This restriction applies not only to direct review of issues actually decided, but also claims "inextricably intertwined" with state court decisions. 460 U.S. at 486-87. That is to say, if, to find for the plaintiffs on a particular claim, a district court would have to hold that the state court wrongly decided the issues before it, then jurisdiction is foreclosed as to that claim. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

Because of this, all of plaintiffs' claims must be dismissed. As their complaint states, "[t]he events [giving rise to the claims] occurred in Wake County North Carolina Clerk of Courts

2

office." [DE 1 at 4]. Their claims are: that the deed relied upon in the foreclosure proceeding was void; that the person representing one of the defendants in the foreclosure proceeding was not a licensed attorney; that the defendants misrepresented the contents of documents in the foreclosure hearing; that defendants' actions in the hearing violated plaintiffs' constitutional rights; and that the court itself erred in granting the foreclosure order. This last claim drives the problem home: plaintiffs have filed this suit because they are unhappy with the result they received in Wake County Superior Court. A party who loses in state court does not have the right to seek what would essentially be a substantive review of that judgment, despite the losing party's claim that the judgment itself was a violation of their rights. *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994). That is exactly what this would be, and so this Court does not have jurisdiction.

Plaintiffs are appearing *pro se*. Because of this, they are entitled to a certain amount of leniency, especially as to the formalities of pleading requirements. *See Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). But *pro se* status cannot operate to manufacture jurisdiction when none exists.

Finally, Nationwide Trustee Services has yet to appear in this case. The sufficiency of service of process in this case under Rule 12(b)(5) has been questioned. [DE 23 at 6]. Defendant Matressa Morris, in her memorandum in support of her motion to dismiss, claimed that Nationwide Trustee Services has declared bankruptcy and ceased operations. [DE 33 at 1-2]. As this case is dismissed for lack of jurisdiction, it is unnecessary to unravel the reasons behind this defendant's failure to appear.

## CONCLUSION

Defendants' motions to dismiss [DE 22, 26, 32] are GRANTED. Plaintiffs' motion for

3

extension of time is DENIED as moot. [DE 9]. Plaintiffs' motion for a temporary restraining order is also DENIED as moot. [DE 29]. Plaintiffs' motion for entry of default is DENIED as moot. [DE 36]. The clerk is directed to enter judgment and close the case.

SO ORDERED, this ___ day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE